NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHIRE LLC et al., : | |
| : | |
| Plaintiffs, : | |
| : | Civil Action No. 12-83 (SRC) |
| v. : | |
| : | |
| WATSON LABORATORIES, INC. et al., : | **OPINION & ORDER** |
| : | |
| Defendants. : | |
| : | |

**CHESLER**, District Judge

This matter comes before the Court on the motion for reconsideration by Defendants Johnson Matthey Inc. and Johnson Matthey Pharmaceutical Materials (collectively, "JM") of this Court's Opinion and Order entered August 8, 2013. That Opinion and Order resolved certain claim construction disputes in two related cases, Civil Action Nos. 11-3781 and 12-83. In the 12-83 case, this Court found that JM had failed to oppose Plaintiffs' application for claim construction and, in that case only, Plaintiffs' application for claim construction was granted in its entirety. JM now moves for reconsideration, asking, in short, that this Court apply the claim construction decisions in the 11-3781 case to the 12-83 case.

"A court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." See Banda v. Burlington County, 263 Fed. Appx. 182, 183 (3d Cir. 2008) (citing Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)); L. Civ. R. 7.1(i).

JM contends that it filed an opposition brief in the 11-3781 case but not in the 12-83 case because it believed that "rulings in the first-filed, consolidated Amneal Action would govern in both related cases." (Defs.' Br. 2.) JM thus believed that it had taken the actions necessary to oppose Plaintiffs' proposed claim constructions in both cases. JM further argues for reconsideration on the ground that applying differing claim constructions in the two related cases creates the potential for inconsistent outcomes.

This Court finds that reconsideration is warranted to prevent manifest injustice. JM's failure to file its opposition briefs in the 12-83 case appears to have been based on a minor misunderstanding, and Plaintiffs have not shown that they suffer any unfairness if the Court grants the relief JM requests.

JM's motion for reconsideration (Docket Entry No. 162) is granted. The Opinion and Order entered on August 8, 2013 is hereby modified to the extent that it decided claim construction disputes in the 12-83 case. The claim construction decisions made in the 11-3781 case shall be applied consistently to the 12-83 case.

**SO ORDERED.**

                                                   s/Stanley R. Chesler
                                             STANLEY R. CHESLER, U.S.D.J.

Dated: October 9, 2013